EXHIBIT 1

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| **CLARENCE B. HOWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CH-19-1424-1 |
| | ) | |
| **v.** | ) | No. |
| | ) | |
| | ) | SHELBY COUNTY CHANCERY COURT |
| **CITY OF MEMPHIS** | ) | |
| | ) | OCT - 8 2019 |
| | ) | |
| **Defendant.** | ) | W. AARON HALL, C & M TIME: 16:03 BY: |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Clarence Howell, and brings this Complaint for Damages against the Defendant, CITY OF MEMPHIS, and in support thereof, states as follows:

### JURISDICTION

1. This Court has jurisdiction over this case pursuant to Tenn. Code Ann. § 16-10-101, as this is a civil action arising from under the laws of the State of Tennessee pursuant to T.C.A. § 8-50-103, *et seq.* known at the Tennessee Disability Act, and T.C.A. § 4-21-101 *et seq.* This Court also has concurrent jurisdiction over civil actions that arises under the Constitution and the laws of the United States including claims under 42 U.S.C. §12101 *et seq.*, known at the Americans with Disabilities Act and claims under Title VII.

### VENUE

2. Venue is proper in this district pursuant to T.C.A § 20-4-101 as Defendant, the City of Memphis, is subject to the jurisdiction of this Court and the events or omissions giving rise to the claims occurred in this judicial district/county.

## PARTIES

3. Plaintiff, Clarence B. Howell (hereinafter referred to as "Mr. Howell"), is a white male who resides and has resided at all times pertinent to the events referred to herein in Arlington, Tennessee.

4. Defendant, City of Memphis, is a municipality located in Shelby County, TN. Service can be accomplished by delivering a copy of the Summons and Complaint to the Chief Executive Officer thereof (City Attorney): Bruce McMullen at 125 N. Main Street, Rm 336, Memphis, TN 38103.

## FACTS

5.  Mr. Howell worked as an employee for the City of Memphis since approx. 2002.

6.  Mr. Howell was originally hired as a temporary employee in General Services for approximately six (6)-nine (9) months, and then was hired as a full-time employee still in General Services as a Heavy Equipment Operator on or about September 2003.

7.  In approx. 2006/2007 Mr. Howell worked for the Parks Division doing Heavy Equipment.

8.  On or about July 2011, Mr. Howell was laid off because Mr. Howell reported his boss Gary Rapp for alleged stealing.

9.  On or about September 2011, with the assistance of an attorney, Mr. Howell was put back to work in Public Works, Drain Maintenance section. Mr. Howell continued to work in Heavy Equipment. Mr. Howell's service date back to 2003 was not corrected. Mr. Howell did not receive proper overtime opportunities because of his reporting the alleged stealing.

10. In 2011, when Mr. Howell returned to work he was also not paid Lead Operator Pay. This failure to pay Mr. Howell as a lead operator continued through each pay period during his employment.

11.     Mr. Howell acquired his Med Gas Certification, Shelby County Journeyman's Certification in plumbing, Scaffolding and Aerial Platform Safety, and Plastic Pope Welder Certification prior to his work for the City of Memphis.

12.     Prior to and during his work for the City of Memphis Mr. Howell was fully trained in the operation of machinery including but not limited to Bob trucks, 10-wheelers, 18-wheelers, Back Hoe's, Bulldozers, Trenchers, Large Track Hoes, and the Fork Lifts and Cranes.

13.     Mr. Howell was a former Millwright and has a Class A Tanker Endorsement Tennessee Driver's License.

14.     Approximately 4 years ago (approximately 2014/2015), Mr. Howell testified at a race discrimination case against the management of the City of Memphis Public Works Department, on behalf of Eddie Woods.  This case was an alleged race discrimination matter and Mr. Woods prevailed. Mr. Woods was awarded monies by the Judge.

15.     When the City learned that Mr. Howell would testify, Mr. Howell was retaliated against/punished.

16.     After Mr. Howell testified he was retaliated against/punished for his participating in the race case by Mr. Woods against the City.

17.     The Heavy Equipment Division learned through a letter by Mr. Howell's then-attorney that Mr. Howell was a witness on behalf of Mr. Woods, Mr. Howell was sent to counseling and then anger management after another employee, James Johnson "cussed out" both Mr. Howell and Eddie Woods.

18.     At the time that Mr. Johnson "cussed out" Mr. Howell and Eddie Woods, Mr. Johnson was on a "second chance program", sponsored by the City of Memphis for employees who have had prior employment difficulties (including those who had been incarcerated).

3

19.    Mr. Johnson did not get into trouble for Mr. Johnson's wrongful conduct, but was subsequently given a raise and promoted.

20.    Rather than disciplining Mr. Johnson for his wrongful conduct, the City gave him a benefit for wrongfully treating Mr. Howell and Mr. Woods.

21.    On the job retaliation following Mr. Howell's testimony for Mr. Woods continued, including but not limited to David Howell (a manager who was also personally present in the hall for the Woods matter on behalf of the City) made a direct threat against Mr. Howell (threatening to terminate him) in connection with a pipe-connection issue on or about May 2016, which was witnessed by Don Seago.

22.    Prior to testifying for Mr. Woods, Mr. Howell would point out potential code issues/violations and he was not threatened with termination. After Mr. Howell testified for Mr. Woods, when he pointed out code issues/violations, he was threatened with termination.

23.    Mr. Howell continued to suffer retaliation on the job on an ongoing basis after he testified in favor of Mr. Woods.

24.    On or about June 19th, 2018, Mr. Howell suffered an on-the-job injury (fall) to his back.

25.    Mr. Howell went to Methodist LeBonheur North Hospital's Emergency Department directly after his fall. He was discharged that day but had an appointment to return to Methodist two days later as a follow-up.

26.    Mr. Howell was off work for about three weeks.

27.    Although Mr. Howell paid for short term disability coverage, he was told that because this was an on-the-job injury, his injury was not covered by short term disability.

28. Mr. Howell believes he should have received short term disability pay and that the City wrongfully interfered and/or prevented him from receiving his proper pay.

29. While Mr. Howell was off work due to the on-the-job injury, his sick pay and vacation pay were used, rather than allowing him to properly take disability pay.

30. On July 28th, 2018, Mr. Howell returned to "light duty" work with restrictions.

31. While on light duty Mr. Howell was limited by his doctor from sitting, walking or standing for an excessive length of time and was not to stretch, bend, or pull or push, was not to lift anything more than five pounds.

32. As soon as Mr. Howell returned, he was assigned by management to picking up trash in the yard, which had never been part of the light-duty assignments.

33. Mr. Howell picked up trash for about six to eight weeks, despite the restrictions. Mr. Howell did this because he did not want to be fired for failing to pick up trash.

34. Picking up trash is normally done by the Janitorial staff and not heavy equipment operators on light duty.

35. Picking up trash was demoralizing, and degrading for a heavy equipment operator.

36. Picking up trash required Mr. Howell to bend, stretch and walk excessively against the restrictions.

37. The City did not respect the restrictions by the doctor.

38. In assigning Mr. Howell janitorial work, the City was trying to get Mr. Howell to quit and/or to make an example of him for others to know that "light duty" would be punishment especially if you have previously testified in favor of an employee who has alleged race discrimination.

39. The City wrongfully denied Mr. Howell proper light duty assignments.

40.   Mr. Howell was then assigned to take filing index cards for drain work and organize the index cards.

41.   This organizing of index cards is normally done by the secretary in the front office and was never previously part of "light duty" for a heavy equipment operator.

42.   Mr. Howell found this degrading and was designed to make him quit rather than having proper light duty assignment(s).

43.   Mr. Howell performed this indexing and organizing for approximately a week.

44.   In order to do the indexing and filing, Mr. Howell had to stretch, bend, pull, and push despite the restriction not to do these things.

45.   The City did not respect the limitations given by the doctor.

46.   In January of 2019, Mr. Howell was released by his doctor to resume his normal duties as a Heavy Equipment Operator, with the exception of driving a Bobcat. This was a request for a reasonable accommodation.

47.   Mr. Howell was improperly prevented by the City from returning to his normal duties and improperly and illegally denied the reasonable accommodation.

48.   Subsequently on or about February 2019, Mr. Howell filled out additional paper work for reasonable accommodation under the ADAAA.

49.   The operation of a Bobcat posed a health risk to Mr. Howell's recovering back injuries and the doctor kept the Bobcat restriction on place.

50.   The non-use of the Bobcat was not a hardship or unreasonable for the City to accommodate because the Bobcat has been sitting for approximately three to four years and has not been used.

51.   On or about February 11th, 2019, Mr. Howell was sent home by Manager Corey Lewis, African American Male and told not to come back. This was witnessed by Lonnie Griffin, an African American male.

52.   Mr. Howell should have been placed back at his usual work with the Bobcat restriction.

53.   The restriction with the Bobcat would not reasonably impact the operations of the department/division.

54.   There were other co-workers who were qualified to run the Bobcat, if needed.

55.   From on or about January/February 2019, Mr. Howell was not properly paid and since being put off work and not placed in his usual position with restriction, Mr. Howell has not been paid.

56.   On or about March 28, 2019, Mr. Howell received an email from Kimberly Taylor stating because his impairment is permanent, and that he had 2 options; he can submit a resume to pursue a job reassignment under the ADAAA or apply for Ordinary Disability Retirement.

57.   The City did not offer Mr. Howell a job reassignment option in January or February 2019 under the ADAAA.

58.   The City did not engage in an interactive process under the ADAAA prior to Mr. Howell being put off work.

59.   The City did not engage in an interactive process under the ADAAA as required.

60.   On April 10, 2019, Mr. Howell received an email from Kimberly Taylor stating that she was informed he had picked up a Line of Duty Retirement Benefits application and informed him that he only had 2 options and that his decision was "irrevocable."

61.   The April 10, 2019 in the email from Ms. Taylor she also required a response by the following day at 3:00pm in writing.

62. Because Mr. Howell was not guaranteed that he would be placed in another position after submitting a resume, he was forced involuntarily to apply for line of duty disability retirement as no other options were reasonably available to him.

63. Because Mr. Howell was injured on the job, Mr. Howell obtained an application for Line of Duty Retirement Benefits and applied.

64. Mr. Howell was recently granted disability benefits but was denied line of duty benefits which decision Mr. Howell has appealed.

65. Mr. Howell was denied a reasonable accommodation for his disability.

66. Mr. Howell was retaliated against for testifying in an EEOC lawsuit.

67. Mr. Howell was retaliated against for requesting an accommodation in violation of the Americans with Disabilities Act Amendments Act (ADAAA) and Title VII of the Civil Rights Act of 1964, as amended.

68. Mr. Howell filed an EEOC Charge (Charge No. 25A-2018-00146) on April 12, 2018 claiming discrimination.

69. Mr. Howell received his Right to Sue, on or about August 22, 2019 via USPS mail (sent in the mail on August 21, 2019). This prior 2018 Charge was because that Mr. Howell was wrongfully overlooked and did not receive a promotion to a position, Supervisor, even though he was the most qualified candidate. The candidate chosen was an African American male who was given a priority over Mr. Howell, despite not being as well qualified. The failure of the City to properly promote Mr. Howell to supervisor was due to Mr. Howell's race. The City, through its decision-maker (an African American male) was acting in a manner as the unusual employer who discriminates against the majority in failing to promote Mr. Howell. Race was the factor and/or a motivating factor. Alternative

retaliation was the factor and/or a motivating factor for the failure to promote. Alternatively, disability discrimination was the factor and/or a motivating factor for the failure to promote Mr. Howell.

70.     Mr. Howell received a Notice of Suit Rights from the US EEOC regarding his charge of discrimination on or around July 10, 2019 (sent in the mail on July 9, 2019).

71.     Mr. Howell filed another EEOC Charge (Charge No. 490-2019-01013) on February 21, 2019 claiming race and disability discrimination and retaliation.

72.     This lawsuit is timely filed within 90 days of receipt of the letters.

## Count I

## Discrimination in violation of the Tennessee Disability Act

73.     Mr. Howell incorporates by reference the allegations contained in all previous paragraphs of this Complaint, as if fully set forth herein.

74.     At all times pertinent to the events in this case, Tenn. Code Ann. § 8-50-101 et seq. and Tenn. Code § 8-50-103, know at the Tennessee Disability Act (TDA), has prevented qualifying employers from discriminating against employees based on a disability which does not prevent the employee from performing the duties required by the employment.

75.     Mr. Howell qualified as disabled under the TDA.

76.     Mr. Howell was qualified for his position, took approved medical leave for medical treatment, and upon his return, was terminated/put off work in violation of Tenn. Code § 8-50-103, resulting in an adverse employment action due to his disability.

77.     Defendant, a qualifying employer under the TDA, was aware of Mr. Howell's medical condition prior to his termination.

78.     As a direct and proximate result of this discrimination, Mr. Howell suffered, including by not limited to, loss of income and benefits, humiliation, and suffered emotional distress, invocation of the TDA.

79.     The reason(s) Defendant proffered for Mr. Howell's termination is pretextual, including but not limited to, that the reason(s) did not actually motivate Defendant to terminate Mr. Howell or the reason(s) had no basis in fact or were insufficient to warrant termination.

80.     The Tennessee Human Rights Commission, which enforces the TDA, has a workshare agreement with the Equal Employment Opportunity Commission (EEOC) and, therefore, Mr. Howell who filed with the EEOC has sufficient predication to bring this ADA claim in Shelby County Circuit Court.

## Count II

### Discrimination in violation of the Americans with Disabilities Act and as Amended

81.     Plaintiff incorporates all the foregoing paragraphs above as if fully set forth herein, and alleges that:

82.     The actions and omissions (intentional, willful and knowing) by Defendants, through its agents, representatives and employees, constitute unlawful discrimination and/or retaliation against Plaintiff in the terms and conditions of his employment based upon his medical condition (on the basis of his disability and failure to accommodate), all in violation of the Americans with Disabilities Act of 1990, as amended (ADA and ADAAA), 42 U.S.C. §12117 *et seq.*

83.     Plaintiff seeks injunctive relief to remedy the alleged wrongdoings on the basis that he has no adequate or complete remedy at law to redress the discriminatory practices of Defendants.

84. As a direct and proximate result of Defendants unlawful discriminatory, retaliatory and harassing conduct against Plaintiff, and as a direct and proximate result of the violations of Plaintiff's federally and Constitutionally protected rights, Mr. Howell has suffered harm including but not limited to lost wages, benefits, and damage to his reputation, embarrassment, humiliation, pain and emotional distress and loss of enjoyment of life.

### Count III Title VII (Discrimination/Retaliation – Race, Color)

85. Plaintiff incorporates all the foregoing paragraphs above as if fully set forth herein, and alleges that:

86. Plaintiff is a member of a protected class covered by Title VII, 42 U.S.C. sec. 2000e, *et seq.*

87. Plaintiff engaged in a protected activity, including that he complained about being discriminated against due to race/color, opposed unlawful practices of the Defendant and made an EEOC charge, and protested unlawful practices by the Defendants, including that Plaintiff testified at a hearing on behalf of a race claim.

88. Defendant was aware of Plaintiff's protected activities.

89. Defendants through its agents, representatives and employees, intentionally willfully and knowingly took adverse action or created a hostile work environment due to Plaintiff engaging in protected activities (protesting and opposing unlawful practices) and/or due to Plaintiff's race and/or color, which affected the terms and conditions of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq.

90. Defendant through its agents, representatives and employees, engaged in actions and omissions constituting discrimination and/or retaliation (as Plaintiff engaged in a

protected activities) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq.

91.     As a direct and proximate result of Defendant's unlawful, discriminatory and/or retaliatory conduct against Plaintiff, and as a direct and proximate result of the violations of Plaintiff's federally and Constitutionally protected rights, Plaintiff has suffered harm, including but not limited to lost wages, benefits, and damage to his reputation, embarrassment, humiliation, pain and emotional distress and loss of enjoyment of life.

## Count IV THRA -Violation of the Tennessee Human Rights Act

92.     Plaintiff reincorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

93.     Plaintiff is a member of the protected class covered by the Tennessee Human Rights Act (THRA).

94.     Defendant, through its agents, representatives and employees, intentionally, willfully and knowingly discriminated and/or retaliated against Plaintiff in the terms and conditions of his employment based upon race and/or color discrimination and/or retaliation in violation of the THRA.  The Plaintiff endured a hostile work environment and harassment. Further, he was not allowed to return to his employment and was not properly promoted.

51.     Plaintiff seeks injunctive relief to remedy the alleged wrongdoings on the basis that he has no adequate or complete remedy at law to redress the discriminatory practices of Defendants.

52.     The acts and omissions of Defendants constitute a violation of Plaintiff's rights in violation of. THRA, Tenn. Code Ann. 4-21-311, et. seq., as amended, and have caused

Plaintiff substantial damages and injuries, including loss of income and benefits, humiliation, embarrassment and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment in his favor against the Defendants:

1.     Awarding equitable relief and injunctive relief as may be appropriate, including back pay;

2.     Awarding Plaintiff judgment for compensatory damages in an amount not less than $300,000.00 against the Defendants;

3.     Awarding Plaintiff reasonable attorney's fees and costs of the cause; and

4.     Granting Plaintiff such further relief as the Court deems appropriate.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

HOLLAND & ASSOCIATES, PC

By:

Maureen T. Holland, Esq. (TN BPR 15202)
Yvette Holland Kirk, Esq. (TN BPR 32174)
1429 Madison Avenue
Memphis, Tennessee 38104
maureen@hollandattorney.com
yvette@hollandattorney.com
(901) 278-8120

## DECLARATION

I, Clarence Belden Howell, in accordance with Tennessee Rules of Civil Procedure 72, declare under penalty of perjury that the facts alleged in the Complaint for Damages, are true and correct to the best of my knowledge and belief.

Signed on the 8th day of October, 2019.

*Clarence Belden Howell*

Clarence Belden Howell

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Clarence B. Howell**<br>**7191 Pleasant Ridge Road**<br>**Arlington, MS 38802** | From: **Memphis District Office**<br>**1407 Union Avenue**<br>**Suite 900**<br>**Memphis, TN 38104** |

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **25A-2018-00146** | **Thomas McDaniel,**<br>**Investigator** | **(901) 544-0102** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal or state law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Deiner Franklin Thomas,*
**Deiner Franklin Thomas,**
**District Director**

JUL 0 3 2019

*(Date Mailed)*

Enclosures(s)

cc:   **Greg Bethel**
**EDI Coordinator**
**CITY OF MEMPHIS (DIVISION OF PUBLIC WORKS)**
**125 N. Main Street**
**Room 414**
**Memphis, TN 38103**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
*State court is the general civil trial court.)* Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Clarence B. Howell
7191 Pleasant Ridge
Arlington, TN 38002

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2019-01013 | Rodney E. Phillips, Investigator | (501) 324-6473 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

AUG 2 1 2019

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

(Date Mailed)

cc: Jayla Johnson
EDI Specialist
CITY OF MEMPHIS
125 N. Main Street
Room 414
Memphis, TN 38103

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

> ➤ The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
> ➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> ➤ Only one major life activity need be substantially limited.
> ➤ With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "**mitigating measures**" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
> ➤ An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it would be substantially limiting when active.
> ➤ An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
> ➤ An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> ➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> ➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> ➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request** <u>within 6 months</u> **of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No _CH-19-1424 )_    ⊙ Lawsuit    ○ Divorce     Ad Damnum $ _____

| CLARENCE BELDEN HOWELL | CITY OF MEMPHIS |
|---|---|
| | vs |
| Plaintiff(s) | Defendant(s) |

TO (Name and Address of Defendant (One defendant per summons))

CITY OF MEMPHIS
c/o Bruce McMullen, City Attorney
125 N. Main St. Room 336
Memphis, TN 38103

RECEIVED
OCT 15 2019
CHANCERY COURT

Method of Service
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
⊙ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Maureen T. Holland and Yvette H. Kirk     Plaintiff's

attorney, whose address is 1429 Madison Ave, Memphis, TN 38104

telephone 9012788120    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint

     _Aaron Hall)_

TEMIIKA D GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _October 8, 2019_    By _____ , D C

TO THE DEFENDANT

NOTICE, Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court The list may be filed at any time and may be changed by you thereafter as necessary, however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list Certain
items are automatically exempt by law and do not need to be listed These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books Should any of these
items be seized, you would have the right to recover them If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer

_Aaron Hall_

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D GIPSON , Clerk / DONNA RUSSELL, Clerk and Master    By _____ , D C

_Aaron Hall_

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS

By delivering on the ___15th___ day of ___October___, 20 _19_ at ___2:15___ PM a copy of the summons,

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By _____
Signature of person accepting service      — Barbara Davis.      Sheriff or other authorized person to serve process

_14 October 2019_                                   David Adams
                                                    901 - 603·9175

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s) _____

This _____ day of _____, 20_____

                                                    By _____
                                                       Sheriff or other authorized person to serve process